*Clarence A. Aldrich*, for appellant.
*Cooke & Angell*, for appellees.

---

HELEN M. STONE *vs.* JAMES M. PENDLETON, Town Treas.

WASHINGTON—JUNE 10, 1899.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

A declaration on the case for negligence averred that the plaintiff was riding in a carriage along a public highway which was out of repair, and obstructed by heaps of sand and dirt near the middle of the road, and without any sufficient railing upon one side of the road; that the horse of plaintiff was frightened at the sand and shied, and, for want of a sufficient railing upon the bank wall upon one side of the road, the horse and carriage in which the plaintiff was riding were precipitated down the bank wall and the plaintiff injured :—

(1) *Evidence.*

*Held*, that evidence that during the drive and previous to the time when the accident happened the horse had exhibited no signs of being fright-

ened was admissible, as tending to prove that the horse was one of ordinary gentleness, and, also, that the plaintiff, to whom the horse was previously unknown, had no knowledge of any ungentle conduct and, hence, was not guilty of contributory negligence by knowingly remaining in a dangerous situation.

*Held,* further, evidence tending to prove that the heaps of sand mentioned in the declaration frightened the horse and caused him to shy and run was admissible without a specific allegation in the declaration that the heaps of sand were such objects as were calculated to frighten horses of ordinary gentleness. The question was one of fact for the jury.

*Held,* further, testimony as to what the plaintiff's driver might have done had he known there was no rail along the road at the place of accident was immaterial.

*Held,* further, that evidence of a witness who had had charge of paving a highway in the town, several years previous to the accident, that he had never known of horses being frightened by piles of sand and pavers was inadmissible, as being too remote and uncertain to have any bearing upon the case in issue.

Citing *Agulino* v. *Railway Co.,* 21 R. I. 263.

*Held,* further, the obstructions in the highway complained of need not have been of such a character as to frighten a horse of ordinary gentleness, but only of such a character as were *calculated* to frighten such a horse.

(2)  *Proximate Cause.*

*Held,* further, the frightening of the horse was the proximate cause of the entire accident, and the fact that the plaintiff was not thrown out of the carriage immediately upon its going over the wall was immaterial, so long as the final result was a natural and proper one and there was no independent act of a responsible person intervening between the original act and injury to arrest causation.

(3)  *Conclusion of Law from Evidence.*

*Held,* further, that the direct and positive testimony of witnesses that the horse was frightened by the heaps of sand could not, as a matter of law, be held to be the inference and opinion of the witnesses based upon facts, from which facts the jury had a right to form a different opinion, but that the jury had the right to find from such evidence that the witnesses knew what frightened the horse.

(4)  *New Trial.*

*Held,* further, that where the court had already instructed the jury that the plaintiff must prove by a preponderance of evidence that the defect in the highway was the cause of the accident, and that if the horse was frightened by another cause the plaintiff could not recover, a refusal by the court to charge specifically that the burden was not on the defendant to show by a preponderance of evidence the fact set up by the defendant, that the horse was frightened by another cause, was not such an error as to entitle the defendant to a new trial.

(5) *Exceptions.*

Rulings of the court to which no exceptions were taken will not be considered by the court on a petition for a new trial.

Trespass on the Case for negligence. Heard on petition of defendant for a new trial. New trial denied.

Tillinghast, J. The defendant petitions for a new trial, on the grounds that the verdict is against the evidence; that the trial court erred in certain rulings, which will be hereinafter considered; and that the damages were excessive.

(1)　The first exception was to the ruling of the court in admitting testimony offered by plaintiff to the effect that during the drive, and previous to the time when the accident happened, the horse had not exhibited any signs of being frightened. This evidence was clearly competent as tending to prove that the horse was one of ordinary gentleness and, also, that the plaintiff, to whom the horse was previously unknown, had no knowledge of any skittishness or other ungentle conduct on his part, and, hence, that plaintiff was not guilty of contributory negligence by knowingly remaining in a dangerous situation.

The second ruling complained of and excepted to was that the court admitted evidence tending to prove that the heaps of sand mentioned in the plaintiff's declaration frightened the horse and caused him to shy and run away. The ground of defendant's objection to this evidence was that the declaration did not allege that said heaps of sand were such obstructions or objects as were calculated to frighten horses of ordinary gentleness. The declaration sets out in various counts that the highway in question was out of repair and obstructed, to wit, was without any railing upon the bank wall upon one side thereof, and obstructed with heaps of sand and dirt, whereby it was rendered unsafe for travelers to pass and repass, &c. It also sets out that while the plaintiff was riding in a carriage upon said highway, and while in the exercise of due care, the horse attached to said carriage became frightened by said heaps of sand and dirt in the highway and shied, and that, for want of sufficient rail-

ing upon one side of said highway, the horse, together with the carriage in which plaintiff was riding, was precipitated down said bank wall, and in consequence thereof plaintiff was seriously injured.

We think the declaration was sufficiently specific to enable the plaintiff to offer the evidence objected to. Whether the heaps of white beach sand, such as the plaintiff showed these to be, were such obstructions as were calculated to frighten a horse of ordinary gentleness was a question of fact for the jury. The defendant was fully notified by the declaration as to the plaintiff's claim in the premises, namely, that the horse was in fact frightened by said heaps of sand; and we fail to see that, in view of this fact, the additional specific allegation that the sand constituted such an obstruction as was calculated to frighten a horse of ordinary gentleness was necessary. The province of a declaration is to fully and specifically set out, in a methodical and logical form, the facts which constitute the plaintiff's cause of action, in order that the defendant may be informed of what he is to meet, and also that he may intelligently prepare his defence. But it is not necessary to incorporate into the declaration all matters which may be proved at the trial.

The case of *Clinton* v. *Howard*, 42 Conn. 294, which is relied on by defendant's counsel as holding that it is essential that the declaration should in terms allege that the object was one which was calculated to frighten horses of ordinary gentleness, does not so hold. In that case the pleader alleged that the horse was perfectly gentle and had previously been free from the vice of shying and running away; that the defendants had theretofore placed a pile of stones eight feet wide and four feet high upon a part of the traveled way; that these stones were then and there a great obstruction to public travel, a great nuisance and source of danger to people and horses traveling on the highway at that place; and that as plaintiff's horse came near thereto, he was frightened by it and rapidly shied off, &c. The court held that this language by reasonable intendment was a full equivalent for the allegation claimed, in that it stated that, as a matter

of fact, the object did frighten a perfectly gentle horse. We think it was clearly competent for the plaintiff in the case at bar, under the allegation in the declaration, to prove that the obstruction complained of was one which was calculated to frighten a horse of ordinary gentleness, and, therefore, that the exception to the ruling in question should be overruled.

The third exception is to the refusal of the court to permit defendant's attorney to inquire of the witness James Walsh, the driver of the team, whether he would have driven by said place if he had known there was no rail at said offset. Defendant's counsel says that the question would seem to be pertinent, as the witness was an experienced horseman, and if he considered the place safe the town authorities might well do the same. The ruling of the court was correct. It was quite immaterial what the driver might have done had he known of the obstructions in the highway before going there. Cases are not tried upon a hypothetical or supposititious state of facts, but upon those which actually exist. The inquiry is not what might have been, but what was the fact.

The fourth exception is to the ruling of the court in excluding the evidence offered by defendant tending to prove, as he claimed, that said objects would not frighten a horse of ordinary gentleness. The evidence offered was to the effect that the witness Walter Price, who had had some experience in repairing highways, and who had charge of paving High street in Westerly with cobble-stones several years before, had not known of any horse being frightened by piles of sand and pavers. The evidence offered was too remote and uncertain to have any bearing upon the case. It was an attempt to show what happened or did not happen at another time and place, and under other circumstances. Such evidence was condemned by this court in the recent case of *Agulino* v. *Railway Co.*, 21 R. I. 263. See also *Anderson* v. *Taft*, 20 R. I. 362.

The fifth ground of complaint is that the court erred in its charge to the jury on the question involved in defendant's

third request to charge, and that said error was not cured by reading the request to the jury and saying it was granted. The request, which was granted, was as follows : " The plaintiff must prove by a preponderance of testimony that the objects in the highway complained of—that is, the piles of dirt and sand—were such as would frighten a horse of ordinary gentleness." An examination of the entire charge does not show that the court had previously charged to the contrary of said request. Moreover, the request was more favorable to the defendant than he was entitled to. The objects need not be of such a character as to frighten a horse of ordinary gentleness, but only of such a character as are *calculated* to frighten such a horse.

The sixth exception is to the alleged refusal of the court to charge that if the horse was frightened by anything besides the heaps of sand and dirt the plaintiff cannot recover. We understand from the record that the court did so charge. In explanation of the request the court instructed the jury, in substance, that if the town was liable for the heaps of dirt and the absence of the rail, and the horse, being frightened by the sand, went over the offset and injured the plaintiff, she would be entitled to recover ; otherwise not. That is, if it happened from any other cause she would not be entitled to recover.

The seventh exception is to the refusal of the court to direct a verdict for the defendant. The ruling was correct. The evidence introduced presented questions of fact to be determined by the jury.

The eighth exception is that the court erred in its charge to the jury on the question involved in defendant's eighth request to charge, which was as follows : " The plaintiff was bound, if she saw the horse was not of ordinary gentleness and apt to run away, or if she saw objects in the road which a man of reasonable intelligence would know were apt to frighten a horse of ordinary gentleness, to stop the team, if she had time, and look out properly for her own safety." The record shows that this request was granted, and it does

not show that the court had previously charged to the contrary.

(2)    The ninth exception is to the refusal of the court to charge that "If the plaintiff was hurt by being thrown out after passing over the wall safely, and out into the lot some seventy-five feet from the wall, she cannot recover." The request was clearly improper. The mere fact that the plaintiff was not thrown from the carriage the instant it went over the wall is immaterial, so long as the final result was a natural and probable one and there was no independent act of a responsible person intervening between the original cause and the happening of the injury to arrest causation. In other words, the frightening of the horse was the proximate cause of the entire accident. *Mahogany* v. *Ward*, 16 R. I. 479; *Willis* v. *Telegram Pub. Co.*, 20 R. I. 285.

The tenth exception is that the court erred in its charge to the jury on the question involved in defendant's request as follows: "That if the horse was frightened by the windmill on private grounds adjoining, the plaintiff cannot recover." This request was granted as follows: "That is true. You have already been instructed that way." We find nothing in the previous part of the charge which is inconsistent with this instruction.

The eleventh exception is that the court erred in its charge upon the question involved in defendant's request number eleven, and that said error was not cured by the court's reading said request to the jury and saying it was granted. The request to charge was as follows: "The plaintiff must prove by a preponderance of evidence that the proper town authorities ought to have known, by the exercise of the judgment and intelligence of a man of ordinary and reasonable intelligence, that such objects as those complained of would frighten a horse of ordinary gentleness." This request was granted, and we find nothing in the previous part of the charge which is inconsistent therewith.

(3)    The twelfth exception is to the refusal of the court to charge the jury as follows: "That the testimony of the plaintiff's witnesses that the sand frightened the horse is nothing but

the inference and opinion of the witnesses, based upon facts, and that the jury from the facts may, and have a right to, form their own opinion, and a different opinion, upon this question." We think the refusal to charge as thus requested was correct. The court could not say as a matter of law that the direct and positive testimony of witnesses that the heaps of sand frightened the horse was only the inference or opinion of said witnesses. The jury had the right to find from the evidence that the witnesses knew what frightened the horse.

(4)    The thirteenth exception is to the refusal of the court to charge " That the burden is not on the defendant to show by a preponderance of evidence the fact set up by the defendant that the horse was frightened by the windmill." This request might properly enough have been granted ; but as the court had already instructed the jury that the plaintiff must prove by a preponderance of evidence that the defect in the highway was the cause of the accident, and also that if the horse was frightened by the windmill the plaintiff could not recover, we do not think the refusal to charge that the burden of showing that said windmill was the cause thereof was not upon the defendant was such an error as to entitle him to a new trial.   See *Harvey* v. *Harvey*, 13 R. I. 598. It is pertinent to remark, in this connection, that, although the defendant's counsel claimed at the trial before the jury, and claims now, that a windmill, which was situated a short distance outside of the road near to the place of the accident, frightened the plaintiff's horse, yet he offered no evidence that such was the fact, while, on the other hand, the positive evidence of the plaintiff's witnesses, as aforesaid, was that the horse was frightened by the heaps of white beach sand in the highway.   The claim set up by the defendant was based upon a conjecture, or a bare possibility.   A windmill was in the field near by.   Sometimes it was running and sometimes it was still.   When it was running it made some noise.   At certain hours of the day, in certain seasons of the year, it cast a shadow on the road near to where the heaps of sand were located.   The evidence shows, however, that at the time

of the accident the shadow would not fall there. Whether it was still or in motion when the accident happened the evidence does not show. In view of this vague evidence as to the possible effect of the windmill in frightening the horse, taken in connection with the positive evidence aforesaid as to the actual cause thereof, it is certainly not apparent that the defendant was prejudiced by the refusal to charge specifically as requested.

(5) Defendant's counsel has pointed out several passages in the charge of the court which he claims were errors, but as no exception was taken thereto we cannot consider them.

We have carefully examined the evidence in the case, and are of opinion that it is sufficient to sustain the verdict.

We cannot say that the damages, although large, are clearly excessive. The injury was a very serious one. The bone near the ankle was broken into three pieces; it was a comminuted fracture; one of the pieces ran to a point and extended down to the articulation of the ankle joint. The foot and ankle are unnatural and msishapen and probably will remain so. The injured limb is not so strong as it was before the accident, and the uncontradicted testimony of the surgeon is that it never will be and also that the liability to a further accident has been greatly increased. The plaintiff has suffered much pain and inconvenience from the injury for a long time and still continues to suffer therefrom; she has been at great expense in securing physicians and nurses, and, all things considered, we cannot say that the amount of the verdict, which was $4,000, will more than adequately compensate her for the injury sustained.

Petition for new trial denied, and case remitted to the Common Pleas Division with direction to enter judgment on the verdict.

*Walter B. Vincent and John W. Sweeney,* for plaintiff.

*Albert B. Crafts,* for defendant.